IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES WASHINGTON,

                Plaintiff,

v.

R. SCHULER, TRISHA ANDERSON and
JAMIE GOHDE,

                Defendants.

ORDER

18-cv-208-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff and prisoner James Washington is proceeding on Eighth Amendment and state negligence law claims that staff at the Columbia Correctional Institution failed to provide him adequate medical care for his chronic foot problems. Before the court is plaintiff's motion to strike defendants' answer and affirmative defenses. Dkt. #12. The motion will be denied.

Plaintiff argues that because defendants mislabeled their pleading as an answer to plaintiff's "amended" complaint (plaintiff has not filed an amended complaint), it is "non-responsive" and the affirmative defenses asserted by defendants are "null and void" and should be stricken. As an initial matter, I conclude that defendants' mislabeling of their pleading is not, by itself, a ground for striking it. None of the cases cited by plaintiff support such a position. Further, defendants make clear in the body of their answer that they are denying the allegations in plaintiff's "complaint."

1

Defendants raised several common affirmative defenses in their pleading, including exhaustion of administrative remedies, qualified immunity (for individual capacity claims), sovereign immunity (for official capacity claims), discretionary immunity, the limitation on damages in 42 U.S.C. § 1997e(e), the notice of claim requirements of Wis. Stat. § 893.82 and comparative and contributory negligence. Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, motions to strike affirmative defenses "are not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir. 1991). See also Ivanov v. Nyhus, 2014 WL 5307936, at *1 (W.D. Wis. Oct. 16, 2014) (citing same standard).

"As the moving party, plaintiff [has] the burden to show 'that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial.'" Pope v. Espeseth, Inc., 2016 WL 1715206, at *1 (W.D. Wis. Apr. 28, 2016) (quoting Kaufman v. McCaughtry, 2003 WL 23095690, at *1 (W.D. Wis. May 22, 2003)). Plaintiff has failed to satisfy this burden, making only conclusory assertions that defendants' affirmative defenses are redundant, immaterial and not supported by factual allegations. All of defendants' affirmative defenses relate to plaintiff's claims. At this early stage of the lawsuit, it is not possible to determine whether they have merit. Even though defendants do not allege any facts to support their affirmative

2

defenses, they have satisfied the requirements of Fed. R. Civ. P. 8 by putting plaintiff on notice as to the nature of those defenses. Moreover, many of the defenses either primarily involve questions of law (such as the damages limitation and the various immunity doctrines) or will depend on facts that are in the possession of plaintiff and will have to be fleshed out during discovery. Therefore, defendants' affirmative defenses are not unworthy of consideration at this point.

ORDER

IT IS ORDERED that plaintiff James Washington's motion to strike defendants' answer and affirmative defenses, dkt. #12, is DENIED.

Entered this 25th day of September, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge